**FILED**

AO 241 (Rev. 09/17)

MAR – 3 2023

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| United States District Court | District: Western District of Texas |
|---|---|

| Name (under which you were convicted): David Anthony Aguilar Jr. | Docket or Case No.: 2018CR1185—W1  Trial Cause No. |
|---|---|

| Place of Confinement: TDCJ Ramsey I Unit | Prisoner No.: 2301060 |
|---|---|

| Petitioner (include the name under which you were convicted) David Aguilar | Respondent (authorized person having custody of petitioner)  v.  Bobby Lumpkin |
|---|---|

The Attorney General of the State of:

# SA23CA0270 FB

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

In the District Court
226th Judicial District
Bexar County, Texas

(b) Criminal docket or case number (if you know): 2018 CR 1185—W1

2.    (a) Date of the judgment of conviction (if you know): November 25th 2019

(b) Date of sentencing: December 19th 2019

3.    Length of sentence: 30 yrs.

4.    In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

I. Count Continous sexual abuse of a young child

6.    (a) What was your plea? (Check one)

☒ (1)    Not guilty          ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty              ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☒ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

      ☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _4th Court of Appeals_

(b) Docket or case number (if you know): _04-20-00056-CR_

(c) Result: _Affirmed_

(d) Date of result (if you know): _June 30th 2021_

(e) Citation to the case (if you know): _Aguilar V. State 2021 Tex. App. LEXIS 5175_

(f) Grounds raised: _Argumentative Objection and Prosecutorial Misconduct, Cruel and Unusual punishment, Motion for Continuance, Exclusion of Evidence Regarding Alternative Perpetrator, Cumulative Error_

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

    If yes, answer the following:

    (1) Name of court: _Court of Criminal Appeals of Texas_

    (2) Docket or case number (if you know): _PD-0020-22_

    (3) Result: _Denied_

AO 241 (Rev. 09/17)

(4) Date of result (if you know): *1-25-2022*

(5) Citation to the case (if you know): *?*

(6) Grounds raised: *Same as Appeal*

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): *N/A*

(2) Result: *N/A*

(3) Date of result (if you know): *N/A*

(4) Citation to the case (if you know): *N/A*

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: *226th Judicial District, Bexar County Texas*

(2) Docket or case number (if you know): *2018CR1185-W1*

(3) Date of filing (if you know): *June 23th 2022*

(4) Nature of the proceeding: *Writ of Habeus Corpus (11.07)*

(5) Grounds raised: *abuse of discretion, Actual Innocence, prosecutorial Misconduct, Ineffective assistance, Texas Penal Code sec. 21.02(h) is Unconstitutional*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☒ Yes ☐ No

(7) Result: *Denied*

AO 241 (Rev. 09/17)

        (8) Date of result (if you know): _____ 2-8-2023 _____

(b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____ N/A _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised:

N/A

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❏  Yes    ❏  No

        (7) Result: _____ N/A _____

        (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised:

N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    *Abuse of Discretion*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Did Not allow evidence that was allowed in the first trial, Did Not allow a continuance, was bias, Did Not dismissed a Juror that should have been dismissed, did not give Jury Requested material during deliberations ; Gave state Ample time to present their case but limited the Defense

(b) If you did not exhaust your state remedies on Ground One, explain why:    *N/A*

AO 241 (Rev. 09/17)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

_My Appeal Attorney did not raise the issue or discuss any of this with me_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Writ of Habeus Corpus (11.07)_

Name and location of the court where the motion or petition was filed:

_226th Judicial District Bexar County, Texas_

Docket or case number (if you know): _2018CR1185-W1_

Date of the court's decision: _2-8-2023_

Result (attach a copy of the court's opinion or order, if available):

_TDCJ will not give copies_

(3) Did you receive a hearing on your motion or petition?     ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Yes, habeas Corpus_

**GROUND TWO:** _Actual Innocence_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Was not even living at the House and had no access to Complainant, theres a miniscual window to prove this charge which evidence does not support, Complaining witnesses contradict each other and are unable to give references of landmarks such as Holidays, School starting, birthday, etc._

(b) If you did not exhaust your state remedies on Ground Two, explain why:

_Appellant counsel was ineffective and did not argue this ground_

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _Appellant counsel was ineffective and did not argue this ground_

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus (11.07)_

Name and location of the court where the motion or petition was filed:

_226th Judicial District_
_Bexar County, Texas_

Docket or case number (if you know): _2018 CR1185-W1_

AO 241 (Rev. 09/17)

Date of the court's decision: _2-8-2023_

Result (attach a copy of the court's opinion or order, if available): _____

_TDCJ does not give copies_

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_Habeas Corpus (11.07)_

**GROUND THREE:** _Prosecutorial Misconduct_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_D.A objected to every question Asked by Defense, D.A Badgered defense witness untill she cried, Called the witness a liar, Taking the Jurys fact finding process away, Inserted personal opinion about defense witness, Told the Jury Defense was guilty and was a Liar, D.A Objected his personal opinions Not based on facts_

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

*N/A*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

*N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *Habeas Corpus (11.07)*

Name and location of the court where the motion or petition was filed:

*226th Judicial District  Bexar County, Texas*

Docket or case number (if you know):    *2018CR1185-W1*

Date of the court's decision:    *2-8-2023*

Result (attach a copy of the court's opinion or order, if available):    *Denied*

*TDCJ Does not give Copies*

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    *N/A*

Docket or case number (if you know):    *N/A*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

*N/A*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

Habeas Corpus (11.07)

**GROUND FOUR:**    Prosecutorial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During closing Arguments D.A played 13th Juror, Tells Jury Defense
is "guilty" and the Complainant version "is the truth", Tells
the Jury to only believe the complainants because "the defend-
ant is "Guilty"; Jury Requested witness testimony and was
denied and D.A states "if they don't remember well too bad"
denying Jury Opportunity to do their duties

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Habeas Corpus (11.07)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_226th Judicial District Bexar County Texas_

Docket or case number (if you know): _2018 CR 1185 -W1_

Date of the court's decision: _Denied  2-8-2023_

Result (attach a copy of the court's opinion or order, if available):

_TDCJ Does not give Copies_

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available):

_N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_Habeas Corpus (11.07)_

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
       have used to exhaust your state remedies on Ground Three:

_____

**GROUND** ~~FOUR~~ Five:    *Ineffective Counsel*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Did no independent pretrial investigation, Did not investigate alternative perp-*
*itrator, did not talk to any witnesses, D.A admits Defense counsel was in-*
*effective, Did not go to crime scene to see if allegations were even placable, Did*
*not look into bamboo allegations i.e damage the rough cut bamboo would*
*do to human flesh, Did not look into bo Kort allegation if he had he would*
*have proven bo Kort was Not even on property*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*N/A*

_____

(c)    **Direct Appeal of Ground Four:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

       (2) If you did not raise this issue in your direct appeal, explain why:    *In texas Habeas Corpus is*
*for the first time to argue this issue*

(d)    **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes    ☐ No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:    *Habeas Corpus (11.07)*

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_226th Judicial District Bexar County Texas_

Docket or case number (if you know): _2018 CR 1185-W1_

Date of the court's decision: _2-8-2023_

Result (attach a copy of the court's opinion or order, if available): _Denied_

_TDCJ Does Not give Copies_

(3) Did you receive a hearing on your motion or petition?                    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available):

_N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_Habeas Corpus (11.07)_

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND ~~FOUR~~ SIX:** *Ineffective Counsel*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Had not familiarized himself with the case, Was unprepared for trial, depended only on cross examination without knowing facts, if he had known the facts would have known that the Complainant said assaults happened for Jan-Dec 2013, Aguilar was not living there at that time + had no access, Not familiarize with prior divorce proceedings and other proceedings, Did not secure expert witnesses for the defense*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*N/A*

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *In Texas Habeas Corpus is for the first time to argue this issue*

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Habeas Corpus (11.07)*

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

*226th Judicial District Bexar County Texas*

Docket or case number (if you know): *2018CR1185-w1*

Date of the court's decision: *2-8-2023*

Result (attach a copy of the court's opinion or order, if available): *Denied*

*TDCJ Does not give copies*

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available):

*N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

*Habeas Corpus (11.07)*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND ~~FOUR~~ Seven:**     *Penal Code Unconstitutional     21,02 (b)*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Penal Code too broad and vague with wording of this Penal code a person has to prove their innocence the entire time they knew the Complainant. Impossible to defend when No evidence is needed*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*N/A*

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:     *Counsel was inneffective to this issue*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     *Habeas Corpus (11.07)*

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_226th Judicial District Bexar County Texas_

Docket or case number (if you know): _2018 CR 1185-W1_

Date of the court's decision: _2-8-2023_

Result (attach a copy of the court's opinion or order, if available): _Denied_

_TDCJ does not give copies_

(3) Did you receive a hearing on your motion or petition?          ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    _N/A_

Docket or case number (if you know):    _N/A_

Date of the court's decision:    _N/A_

Result (attach a copy of the court's opinion or order, if available):

_N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_Habeas Corpus (11.07)_

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   **✗** Yes    ❏ No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

         *No*

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ❏ Yes   **✗** No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ❏ Yes   **✗** No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:  George E. Shaffer Attorney and Counsler at Law, The Naylor House 1919 San Pedro Ave San Antonio, Tx 78212

(b) At arraignment and plea:  Same as above

(c) At trial:  Same as above

(d) At sentencing:  same as above

(e) On appeal:  Dayna L. Jones Criminal Defense Attorney 1800 McCollough Ave., San Antonio, TX 78212

(f) In any post-conviction proceeding:  Pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding:  N/A

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes   ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I filed my 11.07 on June 23rd 2022, on 2-8-2023 Court of Criminal Appeal denied without written order, Post mark on Card notice is 2-15-23, and I did not recieve it until 2-23-23 which is 16 days after my one-year limitation, on 2-23-23 I signed my 2254 and put it w the mail immediately, Delay was due to

AO 241 (Rev. 09/17)

the state not notifying me immediately, it was beyond my control. Without the delay I would be within my one-year time limitation.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

     (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *to grant my 2254 and reverse and remand my case or acquittal*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *02/23/2023* (month, date, year).

Executed (signed) on *02/23/2023* (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC§2254 (Rev. 9/17)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.    You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.    **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10.    **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**