UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ANTHONY AGUILAR,<br>TDCJ No. 02301060, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | §<br>§ | CIVIL NO. SA-23-CV-270-FB |
| ERIC GUERRERO, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | §<br>§ | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are pro se petitioner David Aguilar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and supplemental memorandum in support. (ECF Nos. 1, 2). In the § 2254 petition, petitioner raises numerous allegations challenging the constitutionality of his 2019 state court conviction for continuous sexual abuse of a child. Also before the Court are respondent Eric Guerrero's original Answer (ECF No. 8), petitioner's original Reply (ECF No. 12), respondent's Amended Answer (ECF No. 22), and petitioner's Amended Reply (ECF No. 25) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Background

In November 2019, a Bexar County jury convicted petitioner of one count of continuous sexual abuse of a child, a first-degree felony, but acquitted him of two counts of indecency with a child by

sexual contact. (ECF No. 9-9 at 60). Following a separate punishment hearing, the trial court sentenced petitioner to thirty years of imprisonment. *State v. Aguilar*, No. 2018CR1185 (226th Dist. Ct., Bexar Cnty., Tex. Dec. 19, 2019); (ECF No. 9-3 at 25-28).

The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Aguilar v. State*, No. 04-20-00056-CR, 2021 WL 2668834 (Tex. App.-San Antonio, June 30, 2021); (ECF No. 9-15). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Instead, petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief. *Ex parte Aguilar*, No. 94,341-01 (Tex. Crim. App.); (ECF No. 9-26 at 4-30). Based, in part, on the findings of the state habeas trial court, the Texas Court of Criminal Appeals denied the application without written order on February 8, 2023. (ECF No. 9-25).

Petitioner initiated the instant proceedings a few weeks later by filing a petition for federal habeas corpus relief. (ECF No. 1 at 21). In the petition and memorandum in support, petitioner raised a total of fifteen separate allegations challenging the constitutionality of his underlying state court conviction.

II.  Petitioner's Allegations

In his original federal petition (ECF No. 1) and memorandum in support (ECF No. 2), petitioner set forth the following claims for relief:

(1) The trial court was biased and abused its discretion when it:

    (a) did not allow evidence admitted at petitioner's first mistrial,

    (b) did not grant a continuance,

    (c) failed to dismiss a conflicted juror,

(d)     did not give the jury transcripts requested during deliberations, and

(e)     gave the State ample time to present its case but limited the defense;

(2)     He is actually innocent of the charged offense;

(3)     The State engaged in prosecutorial misconduct by:

(a)     objecting to every question asked by the defense,

(b)     badgering a defense witness until she cried,

(c)     calling a witness a liar, and

(d)     inserting personal opinions about the veracity of defense witnesses and petitioner's guilt during closing argument;

(4)     His trial counsel rendered ineffective assistance by:

(a)     failing to conduct an independent pretrial investigation, observe the crime scene, or investigate alternative suspects or an alibi defense,

(b)     failing to interview and call witnesses,

(c)     failing to require the State to give notice of its intent to use extraneous offense evidence or object to its use, and

(d)     failing to investigate or present mitigating evidence at the punishment phase of trial;

(5)     Section 21.02(h) of the Texas Penal Code is unconstitutionally broad and vague.

### III.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the

adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. Richter, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

IV.  Analysis

A.    Trial Court Error (Claim 1)

In his first claim for relief, petitioner contends that the trial court abused its discretion by failing to: (a) allow evidence that was presented at petitioner's first mistrial, (b) grant defense counsel a continuance, (c) dismiss a juror who had plans to leave town, (d) provide the jury with the record transcripts it requested during deliberations, and (e) provide the defense enough time to present its case. With the exception of Claim 1(b), these allegations were all raised and rejected during petitioner's state habeas corpus proceedings.  As discussed below, petitioner fails to demonstrate the state court's rejection of the claims was contrary to, or an unreasonable application of, Supreme Court precedent.

1.       Evidence Preclusion (Claim 1(a))

Petitioner first alleges that the trial court erred by not allowing the admission of evidence that was presented at petitioner's first trial which ended in a mistrial.  (ECF No. 2 at 8-9).  Petitioner's claim essentially argues the state trial court erred in applying the state law concerning the admission of evidence under the Texas Rules of Evidence.  Such claims are not cognizable in a federal habeas corpus proceeding, as this Court must defer to the state-court determination of Texas law.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable).

Regardless, a federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair.  *Brown v. Epps*, 686 F.3d 281, 286 n.20 (5th Cir. 2012).  The challenged evidence must be a crucial, critical, or highly significant factor in the context of the entire case.  *Gonzales v.*

*Thaler*, 643 F.3d 425, 430 (5th Cir. 2011); *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999). The test to determine whether a trial error makes a trial "fundamentally unfair" is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Brown v. Dretke*, 419 F.3d 365, 377 (5th Cir. 2005).

Petitioner does not make this showing. It is petitioner's contention that the trial court prevented the defense from presenting evidence that had previously been presented in petitioner's first mistrial-namely, evidence that the victim's biological father was a registered sex offender. But the record is devoid of any ruling by the trial court excluding such evidence. Rather, prior to the beginning of trial, the trial court granted the State's motion in limine requiring the defense to establish, in a hearing outside the presence of the jury, the relevance of the biological father's status as a registered sex offender prior to eliciting such testimony from any witness. (ECF No. 9-5 at 8-10). The trial court ultimately never ruled on the admissibility of this evidence, as petitioner never offered it at trial. Thus, contrary to petitioner's assertion, his trial was not rendered fundamentally unfair by any adverse evidentiary ruling by the trial court.

2.      Denial of Continuance (Claim 1(b))

Petitioner next contends that the trial court abused its discretion by refusing to grant a continuance. (ECF No. 1 at 5). While petitioner raised this claim on direct appeal to the Texas Fourth Court of Appeals, he did not file a petition for discretionary review or include the claim in his state habeas corpus application. For this reason, petitioner's allegation is unexhausted and procedurally barred from federal habeas corpus review.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. See 28

U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

In this case, the record confirms that petitioner did not properly present this allegation to Texas Court of Criminal Appeals in either his state habeas corpus application or in a petition for discretionary review.  As discussed previously, petitioner did not even file a petition for discretionary review following his conviction being affirmed on direct appeal.  And although petitioner raised several instances of trial court error in his state habeas application, there was no allegation that the court abused its discretion by failing to grant a continuance.  Because the allegation is being presented for the first time in this federal habeas proceeding, it is unexhausted under § 2254(b).

Further, should this Court now require petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since petitioner already challenged his conviction in a previous state habeas application.  Because Texas would likely bar another habeas corpus application by petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review.  *See Nobles v.*

*Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Petitioner is therefore precluded from federal habeas relief on Claim 1(b) unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). But petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of petitioner's unexhausted claim as procedurally defaulted.

3.      The Remaining Allegations (Claims 1(c)-1(e))

Petitioner's remaining claims fault the trial court for allowing a juror to serve who had travel plans, for not providing the jury with a transcript of the entire trial for deliberation, and for limiting the defense's time to present its case. Other than bare allegations, he offers no argument or support for his contention that such actions (or inaction) rendered his trial fundamentally unfair. "[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of

probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Petitioner's allegations are therefore conclusory and do not state a claim for federal habeas corpus relief. *Ross*, 694 F.2d at 1011 (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Moreover, petitioner fails to demonstrate that the trial court's allegedly erroneous rulings had a "substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623, 638 (1993)). Under this standard, a petitioner may obtain habeas relief only if there is "more than a mere reasonable possibility that [the error] contributed to the verdict." *Burbank v. Cain*, 535 F.3d 350, 358 (5th Cir. 2008) (citations omitted).

In this case, although petitioner contends that the trial court failed to dismiss a juror with travel plans, the record indicates that the juror was in fact dismissed by the court once it was determined that the juror was unavailable on the day the jury was scheduled to deliberate. (ECF No. 9-8 at 173-74). The alternate juror then filled the vacancy and participated in the deliberations. *Id*. Neither the State nor the defense raised any objections to this dismissal, nor did they object to the trial court's instruction to the jury to continue their deliberations after they requested a transcript of the testimony for six witnesses. (ECF No. 9-9 at 56-57). Similarly, trial counsel gave no indication that he needed more time to present a defense than the time that was allotted, and petitioner has not provided any witness or evidence that he was allegedly deprived of presenting due to the trial court's schedule. (ECF No. 9-8 at 66). Thus, even if the trial court committed some error, petitioner has not demonstrated that the error contributed in any way to the jury's ultimate verdict.

B.      Actual Innocence (Claim 2)

In his second claim for relief, petitioner asserts he is "actually innocent" of the charged offense. According to petitioner, the evidence does not support a conviction since he had no access to the victims and their testimonies were unreliable. (ECF No. 1 at 7). Because petitioner's innocence claim is not a cognizable federal habeas claim, however, the merits of the allegation need not be reached.

"Freestanding" claims of actual innocence, such as the allegation now before the Court, do not provide a valid basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the Herrera court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Fifth Circuit has consistently rejected this theory. *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). Because the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review, petitioner's allegation must be rejected.

Alternatively, even if an actual-innocence claim could be the basis for federal relief, it would only be cognizable if there were no state procedure available for making the claim. *Herrera*, 506 U.S. at 417; *Graves*, 351 F.3d at 151. Such is not the situation in Texas, where state procedures are available to raise claims in clemency proceedings or a state habeas petition. *See* Tex. Crim. Proc. Code art. 48.01 (West 2025); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). Indeed, this allegation was raised

by petitioner during his state habeas corpus proceeding and ultimately rejected by the Texas Court of Criminal Appeals.  Thus, petitioner's freestanding claim of actual innocence must be denied.

C.    Prosecutorial Misconduct (Claim 3)

Petitioner next contends that the State committed prosecutorial misconduct throughout his trial. (ECF No. 1 at 8).  Specifically, petitioner asserts that the State acted improperly during the testimony of defense witness Jaelynda Prothero by: (a) "objecting to every question" asked by defense counsel, (b) badgering the witness until she cried, and (c) calling her a liar.  Petitioner also believes the State acted improperly during closing argument by (d) inserting personal opinions about the veracity of defense witnesses and petitioner's guilt.  Each of these allegations were raised and rejected during petitioner's state habeas corpus proceedings.  As discussed below, the claims all lack merit, thus the state court's rejection was not unreasonable.

1.    Jaelynda Prothero (Claims 3(a)-(c))

In a single sentence, petitioner alleges that the State "objected to every question asked by [the] defense, badgered [the] witness until she cried, [and] called the witness a liar."  (ECF No. 1 at 8). Petitioner provides no other argument or authority to support his allegation that the State acted improperly during Prothero's testimony.  But again, a petitioner is required to plead facts in support of his claims, and conclusory allegations do not state a claim for federal habeas corpus relief.  *Ross*, 694 F.2d at 1012 (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).  Here, petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts.  Habeas relief is therefore unavailable.  *Ford*, 910 F.3d at 235 (finding unsupported assertions lack "probative evidentiary value"). Furthermore, the record contradicts petitioner's allegations of prosecutorial misconduct.  True, the State

did raise several objections during direct examination by defense counsel, but the majority of these objections were sustained by the trial court. (ECF No. 9-8 at 74-76) (showing the trial court sustained the State's hearsay and speculation objections on at least five occasions). And while the State certainly asked some tough questions of Prothero on cross-examination, there is no indication that the State called the witness a liar or went beyond what is normally allowed under the Texas Rules of Evidence. See Tex. R. Evid. 611(b) ("A witness may be cross-examined on any relevant matter, including credibility."). Contrary to petitioner's belief, the prosecution's treatment of Prothero does not come close to rising to the level of misconduct that would constitute a constitutional violation. Relief is therefore denied.

2.      Closing Argument (Claim 3(d))

Petitioner also contends that the prosecution committed misconduct during the closing arguments of trial. Such allegations are analyzed in two steps. *Trottie v. Stephens*, 720 F.3d 231, 253 (5th Cir. 2013) (citation omitted). The first is to evaluate whether the prosecutor made an improper remark. *United States v. Fields*, 483 F.3d 313, 358 (5th Cir. 2007) (citation omitted). If so, the second step is to determine whether the defendant suffered prejudice. *Id*.

To start, petitioner fails to show that the prosecution made improper comments. Petitioner is correct that "a prosecutor may not personally vouch for the credibility of a [prosecution] witness, as doing so may imply that the prosecutor has additional personal knowledge about the witness and facts that confirm such witness' testimony, or may add credence to such witness' testimony." *United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995). And while a prosecutor may argue "fair inferences from the evidence that a witness has no motive to lie," he or she "cannot express a personal opinion on the credibility of witnesses." *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008). The test for

improper vouching for the credibility of a witness is whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the defendant's guilt. *United States v. McCann*, 613 F.3rd 486, 495 (5th Cir. 2010).

Here, petitioner contends that the prosecution repeatedly vouched for the credibility of the complainants and told the jury that petitioner lied and was guilty. (ECF No. 2 at 14-15). According to petitioner, these remarks were the "personal opinion" of the prosecution and amounted to the State "acting as the 13th juror." *Id*. at 15. A review of the State's closing argument, however, demonstrates that the State did not vouch for any witness's credibility (or the lack thereof), as there was no implication that the prosecution had some secret basis for asserting that petitioner was guilty. *McCann*, 613 F.3rd at 496. Rather, the State's argument speaks only to the truthfulness of the testimony given by the witnesses during the trial, something that was placed in doubt throughout the proceedings by both defense counsel and the prosecution through cross-examination. Because the prosecution's comments were either made in direct response to defense counsel's cross-examination and closing argument or were reasonable inferences from the evidence presented at trial, they were not improper. *See, e.g., Norris v. Davis*, 826 F.3d 821, 832 n.10 (5th Cir. 2016) (recognizing the four areas of permissible subjects for jury argument under Texas law as summation of the evidence, reasonable inference from the evidence, answers to opposing counsel's argument, and pleas for law enforcement).

Even if they were improper, this Court finds nothing prejudicial about the prosecution's remarks during closing arguments. This second inquiry sets a high bar: "Improper prosecutorial comments constitute reversible error only where the defendant's right to a fair trial is substantially affected." *United States v. Ebron*, 683 F.3d 105, 140 (5th Cir. 2012) (quoting *United States v. Holmes*, 406 F.3d

337, 355-56 (5th Cir. 2005)).  A criminal conviction should not be "lightly overturned on the basis of a prosecutor's comments standing alone," but rather only when "the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict."  *Id*.  Thus, in deciding whether serious doubt infects the verdict, the Court considers three factors: "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction."  *Id*. (quoting *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005)) (internal quotation marks omitted).

In this case, the jury heard detailed testimony from the two victims-petitioner's step-daughter and niece-that petitioner repeatedly engaged in various sexual acts with them over a two-year period of time.  At the time, both victims were under the age of fourteen years old.  Since the prosecution relied heavily on these two main witnesses, their credibility was thoroughly tested through the cross-examination and closing arguments of trial counsel.  Their testimony was also corroborated by several outcry witnesses, including two forensic interviewers, a clinical therapist, a professional counselor, and a SANE nurse.  As such, the magnitude of the prosecutor's remarks, if any, was slight compared to the strength of the evidence supporting the conviction.  *Ebron*, 683 F.3d at 140.  In other words, the prosecution's comments likely had very little prejudicial effect, and certainly did not cast "serious doubt on the correctness of the jury's verdict."  *Id.*  Federal habeas relief is therefore unwarranted.

D.      The IATC Claims (Claim 4)

In his fourth claim for relief, petitioner asserts that his trial counsel rendered ineffective assistance in the following ways:  (a) failing to conduct an adequate and independent pretrial investigation, (b) failing to interview and call lay and expert witnesses, (c) failing to require the State

to give notice of its intent to use extraneous offense evidence or object to its use, and (d) failing to present mitigating evidence at the punishment phase of trial.  (ECF No. 2 at 16-20).

Each of these allegations were raised during petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.  As discussed below, petitioner fails to demonstrate the state court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.      The *Strickland* Standard

Sixth Amendment IATC claims are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards.  *Strickland*, 466 U.S. at 687-89.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both

prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).  In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S at 101.  That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  Id. at 105.

2.    Counsel's Investigation (Claim 4(a))

In his first IATC allegation, petitioner contends that counsel failed to adequately investigate and prepare for trial.  According to petitioner, counsel conducted no pretrial investigation, did not speak to any witnesses, did not look into specific allegations made by the complainants, and did not go to the crime scene to see if the allegations were even possible.  Petitioner also faults counsel for failing to investigate the biological father of one of the complainants as an alternative suspect or investigate the fact that petitioner lacked access to the complainants because he was not living in the same trailer house at the time the assaults occurred.  As a result, petitioner argues that counsel was unfamiliar with the facts of the case and unprepared for trial.

Petitioner raised these allegations during his state habeas proceedings.  In response, petitioner's

trial counsel, George Shaffer, submitted an affidavit. (ECF No. 9-28 at 46-47). The state habeas trial court summarized Mr. Shaffer's affidavit as follows:

9.      In his affidavit, Mr. Shaffer responds to [petitioner]'s allegations of ineffective assistance of counsel, as follows:

a.      In response to the claim that Mr. Shaffer failed to investigate the complainant's father, Mr. Shaffer stated that he did look at the instruments which gave rise to his Chapter 62 requirements to register, and at the offense documents from his prior conviction. By implication this court understands that Mr. Shaffer considered that defensive strategy and rejected it.

b.      Mr. Shaffer stated that he reviewed the child's interview, read all of the discovery, and that he was prepared for trial.

c.      Mr. Shaffer stated that he told [petitioner] that from the video interview, the child seemed reliable and that [petitioner] would face a difficult time at trial.

d.      Mr. Shaffer also said that a second complainant hurt [petitioner]'s credibility before the jury.

e.      Mr. Shaffer stated that he believed that [petitioner] received a fair trial in the presence of the jury.

21.     [Petitioner] testified at his trial. He was given the opportunity to present his defense to the jury.

22.     The child complainants were credible witnesses, and the jury had the opportunity to evaluate their stories and compare their versions against the [petitioner]'s, who also testified.

(ECF No. 9-28 at 64-65). In recommending the denial of petitioner's application, the state habeas trial court found Mr. Shaffer's explanations to be truthful and credible and concluded that petitioner was not deprived of effective assistance of trial counsel. *Id*. The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief without written order. (ECF No. 9-25).

Petitioner fails to show that the state court's ruling on trial counsel's investigation and strategy was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable

determination of the facts based on the evidence in the record. *Strickland*'s first prong to demonstrating an IATC claim "sets a high bar." *Buck v. Davis*, 580 U.S. 100, 118 (2017).  Indeed, trial counsel generally have broad discretion when it comes to deciding how best to proceed strategically. *Strickland*, 466 U.S. at 673; *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (noting the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client.").  This wide latitude given to trial counsel includes the discretion to determine the best way to utilize limited investigative resources. *Richter*, 562 U.S. at 107 ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies.").  It also means that while counsel is required to undertake a reasonable investigation, counsel's choice of a defense and his strategy in arguing that defense to a jury are "virtually unchallengeable." *Strickland*, 466 U.S. at 690; *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011) (holding the failure to present a particular line of argument is presumed to be the result of strategic choice).

Trial counsel's affidavit in this case-adopted by the state habeas court and ultimately by the Texas Court of Criminal Appeals-contradicted petitioner's assertion that counsel did not investigate an alternative suspect and was otherwise unprepared for trial.  Petitioner has not pointed to any evidence rebutting counsel's assertions, much less demonstrated that state court's ruling on trial counsel's investigation and strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Moreover, petitioner has not alleged with any specificity what further investigation would have revealed or how it would have altered the outcome of the trial. *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011).  Petitioner also has not pointed to exculpatory evidence that trial counsel could have

uncovered with additional investigation or proven that an undiscovered witness would have testified in his favor. *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010). As a result, petitioner has not shown counsel's performance was deficient or that the state court's denial of this claim was an unreasonable application of *Strickland*.

3.    Witnesses (Claim 4(b))

Petitioner's next IATC claim is similar to his first-he contends that counsel failed to interview and call potential witnesses on his behalf. Specifically, he faults counsel for not calling Paul Prothero, Brenda Aguilar and Edward Rodriguez, whom petitioner contends were willing potential witnesses. (ECF No. 2 at 17). He also asserts that counsel failed to secure expert witnesses. (ECF No. 1 at 14). As with the previous claim, petitioner's allegations concerning uncalled witnesses were raised and rejected during his state habeas corpus proceedings. Petitioner fails to show that the state court's ruling was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record.

Claims regarding uncalled witnesses "are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (citation omitted); *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (finding such claims "speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel."). To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir.

2007).  The requirements of showing availability and willingness to testify "[are] not a matter of formalism."  *Woodfox*, 609 F.3d at 808.  A petitioner must present evidence on these points as part of the burden of proving trial counsel could have found and presented witnesses, including expert witnesses.  *Id*.

Here, citing affidavits provided by Paul Prothero, Brenda Aguilar and Edward Rodriguez, petitioner laments that counsel never spoke with these individuals or called them to testify on his behalf. (ECF No. 12 at 11-12, 21-22, 24).  Yet none of their affidavits satisfy the requirements of Day.  Both Prothero and Aguilar's affidavits state only that they were not contacted by counsel-they contain no information about potential testimony or even if the witnesses were willing and available to testify.  *Id*. at 21-22.  Similarly, while Rodriguez's affidavit (which was also signed by Aguilar) gives very brief information about petitioner's go-kart being stored at their home, it too says nothing about being willing or able to testify at trial.  These bare-bones affidavits do not come close to establishing that counsel's performance was deficient under *Strickland*.

Petitioner's allegation that he was denied expert witnesses fairs no better.  In his petition, petitioner provides only a single sentence asserting counsel "did not secure expert witnesses for the defense."  (ECF No. 1 at 14).  He provides no argument for the assertion, nor has he brought forth any evidence or affidavits from an expert to support his IATC claim.  *Evans*, 285 F.3d at 377 (providing petitioner must "bring forth" evidence, such as affidavits, from uncalled witnesses, including expert witnesses, in support of an IATC claim).  Indeed, petitioner has not even indicated what kind of expert counsel was supposed to call, much less the name of a witness who was willing and able to testify at the time of his trial.  Because petitioner's allegation is conclusory, speculative, and wholly unsupported by any evidence or facts, relief is unwarranted.  *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir.

2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

    4.      Extraneous Offenses (Claim 4(c))

Petitioner next contends that counsel "refused to require the State to give notice of evidence [for] extraneous offenses or acts they intended to use, nor did [counsel] object to the use of said evidence." (ECF No. 2 at 20). Because he was not properly notified of the extraneous offenses the State intended to use, petitioner argues, he was denied the opportunity to prepare a proper defense. However, the record specifically refutes petitioner's assertion that he was denied notice of the State's intent to use extraneous offense evidence. (ECF No. 9-2 at 18-21). As such, any objection by counsel would likely have been futile. *Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance"). Petitioner therefore fails to demonstrate that the state court's rejection of this allegation was objectively unreasonable or that he is entitled to federal habeas relief.

    5.      Mitigating Evidence (Claim 4(d))

In his final IATC claim, petitioner contends that trial counsel failed to investigate or present mitigating evidence at the punishment phase of his trial. (ECF No. 2 at 20). In particular, he faults counsel for not presenting the testimony of four witnesses: Daphne Graue (a friend), Christy Burton (neighbor), Evangelina Aguilar (niece), and Sandra Aguilar (mother). (ECF No. 12 at 13). Yet the record indicates that two of these individuals, Daphne Graue and Evangelina Aguilar, did in fact testify on petitioner's behalf at the punishment phase. (ECF No. 9-10 at 41-51). And while the other two witnesses mentioned by petitioner did not testify in person, counsel submitted letters written by them

to the court which the court considered (along with letters from several other individuals) prior to determining petitioner's sentence. (ECF Nos. 9-3 at 42-57; 9-10 at 58-59, 65-67). As such, petitioner has not shown counsel's performance was deficient or that the state court's denial of this claim was an unreasonable application of *Strickland*.

6.      Lack of Prejudice

Finally, even if petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged errors were prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner has not established that the alleged errors were prejudicial with regard to his guilt because, as the record demonstrates, the State's case was strong and there was substantial corroborated evidence against petitioner. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008). This evidence includes the detailed testimony from petitioner's two victims, his underage step-daughter and niece, as well as corroborating testimony from several outcry witnesses, including two forensic interviewers, a clinical therapist, a professional counselor, and a SANE nurse. With regard to his punishment, petitioner also has not established prejudice given the fact that he was charged with an enhanced first-degree felony with a penalty range of 25 years to life and he received only a 30-year sentence.

Because petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged errors, the state court's denial of petitioner's IATC allegations was not an unreasonable application of *Strickland*.  Federal habeas corpus relief is therefore denied.

E.    State Procedural Default (Claim 5)

Petitioner challenges the constitutionality of Section 21.02(h) of the Texas Penal Code in his final claim for relief.  (ECF No. 1 at 16).  According to petitioner, the statute is vague and overbroad in that it requires a defendant to prove their innocence for the entire time that they knew the complainant.  To petitioner, this means it is virtually impossible to defend against an accusation under this statute.

Petitioner raised this same allegation during his state habeas proceedings.  (ECF No. 9-26 at 25-26).  In rejecting the allegation, the state habeas trial court, citing Ex parte Townsend, 137 S.W.3d 79, 81-82 (Tex. Crim. App. 2004), found the claims procedurally barred because it should have been raised on direct appeal.  (ECF No. 9-28 at 63).  The Texas Court of Criminal Appeals later adopted the state habeas trial court's findings and denied petitioner's application.  (ECF No. 9-25).  Based on this procedural history, petitioner's claim is now procedurally barred from federal habeas review.

A procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal.  *Davila v. Davis*, 582 U.S. 521, 527 (2017); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)).  The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts.  *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243

F.3d 215, 218 (5th Cir. 2001)).  This doctrine ensures that federal courts give proper respect to state procedural rules.  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Here, the state habeas trial court's finding of procedural default constitutes "an adequate and independent state procedural rule" that bars federal habeas review.  *Davila*, 582 U.S. at 527. The state court determined petitioner's allegation to be procedurally defaulted under *Ex parte Townsend,* 137 S.W.3d at 81, a case which relies on *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998). This rule from *Gardner*-which bars consideration of claims that could have been but were not raised on direct appeal-has repeatedly been held by the Fifth Circuit to constitute "an adequate state ground capable of barring federal habeas review." *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (citing *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)).

Consequently, petitioner is precluded from federal habeas review unless he can show "(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000) (internal quotation marks and citation omitted).  Petitioner does not make a viable attempt to establish a miscarriage of justice.  Instead, he appears to argue that the failure of his appellate counsel to raise this claim on direct appeal constitutes cause and prejudice to excuse his procedural default.  (ECF No. 25 at 5).

Appellate counsel's ineffectiveness in failing to properly preserve a claim for review in state court can, in certain circumstances, suffice to excuse a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  But such an ineffective-assistance-of-appellate-counsel (IAAC) claim must itself be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Id*. at 451-52.  Petitioner did not raise an IAAC claim in his state habeas corpus

application.  This failure renders such a claim unexhausted.  *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).  And his unexhausted claim is procedurally barred if Texas courts would treat the claim as procedurally defaulted if presently raised.  *See Bagwell*, 372 F.3d at 755.  As discussed previously in Section IV(A)(2), supra, Texas courts would do so under the abuse-of-the-writ doctrine, a doctrine recognized as an adequate and independent procedural rule in this context.  *See also Rocha v. Thaler*, 626 F.3d 815, 832 (5th Cir. 2010); *Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).  Thus, the IAAC claim itself is procedurally defaulted.

Consequently, petitioner's procedurally defaulted IAAC claim only can serve as cause to excuse the procedural default of petitioner's original claim challenging Section 21.02(h) if he can satisfy the cause-and-prejudice standard with respect to the IAAC claim itself.  To establish cause, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Petitioner fails to make this showing, as neither his pro se status nor ignorance of the law is sufficient cause to excuse a procedural default.  *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).  Thus, petitioner fails to establish cause to excuse the procedural default of his IAAC claim, which therefore cannot serve as cause to excuse the procedural default of his original constitutional challenge to Section 21.02(h) of the Texas Penal Code.

In sum, because petitioner fails to demonstrate cause to excuse the procedural default of his fifth claim for relief or that a miscarriage of justice will result if the Court does not consider the claim on the merits, the claim is procedurally barred from the Court's review.

V.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  See Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).  In other words, a COA should issue if the petitioner not only shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA sua sponte without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court

concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### VI. Conclusion and Order

After careful consideration, the Court concludes that petitioner's Claim 1(b) is unexhausted and procedurally barred from federal habeas review. Similarly, Claim 5 is also procedurally defaulted.

Concerning the remainder of the allegations, petitioner has failed to establish that the state court's rejection of the allegations on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Federal habeas corpus relief is DENIED and petitioner David Anthony Aguilar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITH PREJUDICE;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are DENIED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 9th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

-27-